# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Pearlstein and Cynthia    :
Pearlstein,    :
   :
               Petitioners   :
   :
          v.           :  No. 743 F.R. 2017
   :  Argued: June 9, 2021
Commonwealth of Pennsylvania,    :
   :
             Respondent  :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: December 2, 2021


       Robert Pearlstein and Cynthia Pearlstein (Taxpayers) petition for review of the order of the Board of Finance and Revenue (Board), which sustained in part and denied in part the Department of Revenue's (Department) assessment of Personal Income Tax (PIT) against Taxpayers, plus interest and penalties, for the years 2013 and 2014. The issue is the Board's assessment of PIT for Taxpayers' net gains or income from disposition of property, specifically PIT owed on like-kind exchanges of real property during the 2013 and 2014 tax years. Taxpayers, who are

partners in a number of real estate development and management partnerships, and who use the Federal Income Tax (FIT) method of accounting, argue that net gains on like-kind exchanges should be taxed when the property is sold, because such deferrals are permitted under Section 1031 of the Internal Revenue Code of 1986, *as amended*, 26 U.S.C. §1031 (IRC §1031). The Board determined that net gains on like-kind exchanges should be taxed in the years the exchanges occurred, because unlike IRC §1031, the Tax Reform Code of 1971 (TRC)[1] does not permit tax deferral on net gains from like-kind exchanges of real property. For that reason, the Board found that the FIT method of accounting does not clearly reflect income. Accordingly, the Board concluded that Taxpayers should be assessed PIT and interest, but not penalties. We affirm the Board's order based on the reasoning expressed in our opinion in *James and Karen Pearlstein v. Commonwealth of Pennsylvania*, ___ A.3d ___ (Pa. Cmwlth., No. 741 F.R. 2017, filed December 2, 2021).

MICHAEL H. WOJCIK, Judge

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7101-10004.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Pearlstein and Cynthia
Pearlstein,

                     Petitioners

           v.

Commonwealth of Pennsylvania,

                    Respondent

:
:
:
:
:
:
: No. 743 F.R. 2017
:
:
:
:

## **O R D E R**

AND NOW, this 2nd day of December, 2021, the order of the Board of Finance and Revenue dated August 23, 2017, is AFFIRMED.  Unless exceptions are filed within 30 days pursuant to Pa. R.A.P. 1571(i), this order shall become final.

_____
MICHAEL H. WOJCIK, Judge

Robert Pearlstein and Cynthia Pearlstein, :
                                    Petitioners :
                                                :
            v.                                  :        No. 743 F.R. 2017
                                                :        Argued:  June 9, 2021
Commonwealth of Pennsylvania,                   :
                                    Respondent  :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE CROMPTON                    FILED:  December 2, 2021


            Robert Pearlstein and Cynthia Pearlstein (Taxpayers) petition for review of the order of the Board of Finance and Revenue (Board), which sustained in part and denied in part the Department of Revenue's (Department) assessment of Personal Income Tax (PIT) against Taxpayers, plus interest, for the years 2013 and 2014.  The issue is the Board's assessment of PIT for Taxpayers' net gains or income from the disposition of property, *i.e.*, PIT owed on like-kind exchanges of real property during the 2013 and 2014 tax years.  Specifically, the dispute involves *when* that PIT is owed.  Taxpayers, who are partners in a number of real estate

development and management partnerships, and who use the Federal Income Tax method, contend that the Department abused its discretion and was inconsistent with its own regulatory interpretation when it imposed tax liability on the like-kind exchanges before income from the exchanges was realized.  For the reasons set forth in my dissenting opinion in *James and Karen Pearlstein v. Commonwealth of Pennsylvania*, ___ A.3d ___ (Pa. Cmwlth., No. 741 F.R. 2017, filed December 2, 2021), I respectfully dissent.

_____
J. ANDREW CROMPTON, Judge
